UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 3:20-cr-126-5 (OAW) |
| : | |
| LAHEEM JONES : | |
| : | |

**ORDER DENYING SENTENCE REDUCTION**

**This action** is before the court upon a Motion to Reduce Sentence ("Motion") filed by Laheem Jones. ECF No. 604. The court has reviewed the Motion, the supplement to the Presentence Investigation Report provided by the United States Probation Office, ECF No. 605, and the government's response thereto, ECF No. 608. For the reasons discussed herein, the Motion is **DENIED.**

On November 19, 2021, Mr. Jones pleaded guilty to Count One and the divisible portion of Count Two of the superseding indictment. *See* Plea Agreement 1–2, ECF No. 372. Under Count One, Mr. Jones pleaded guilty to a charge of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); under the divisible portion of Count Two, he pleaded guilty to violent crimes in aid of racketeering ("VCAR") attempted murder, in violation of 18 U.S.C. § 1959(a)(5). *See id.* In the plea agreement, the parties had stipulated that Mr. Jones was a member and/or associate of the Greene Homes Boys ("GHB") and that, as part of the organization, engaged in a conspiracy to traffic narcotics, and to retaliate against opposition gang members. *See id.* at 4.

After a two-day sentencing hearing on April 6 and 7, 2022, *see* Minute Entry, ECF Nos. 503 and 505, the court (*Hon. Janet Bond Arterton, J.*), imposed prison sentences of 100 months as to Count One, and 90 months for the divisible part of Count Two, to run

1

consecutively, with concurrent three-year terms of supervised release (as to each count) to be served thereafter.  *See* Judgment 1, ECF No. 530.

The sentencing terms reflected a downward variance from the range suggested by the United States Sentencing Commission Guidelines ("Guidelines").  *See* Statement of Reasons 2, ECF No. 539.  The sentencing court had adopted the Presentencing Report without change, *see* Statement of Reasons, ECF No. 539, which had identified the total offense level to be 43 and Mr. Jones's criminal history category to be III.  *See* Presentence Report ("PSR") 21, 24, ECF No. 480.  For a total offense level of 43 and a criminal history category of III, the Guidelines suggest sentencing the defendant for life.  *See* U.S. Sent'g Guidelines Manual ch. 5, pt. A, Sentencing Table (U.S. Sent'g Comm'n 2023) ("U.S.S.G.").  However, the statutory maximum for Count One is twenty years in prison, 18 U.S.C. § 1963(a), and it is ten years in prison for Count Two, 18 U.S.C. § 1959(a)(5).  Because "the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range," the statutorily authorized maximum operated as the guideline sentence for each count.  U.S.S.G § 5G1.1.  Accordingly, the court imposed consecutive sentences as noted above.  *See* U.S.S.G. § 5G1.2(b), (d).

Since this sentencing, the United States Sentencing Commission has introduced Amendment 821, which is retroactive.  *See* U.S.S.G. § 1B.10.  It includes a new § 4C1.1, which reduces by two the offense level of a defendant who has no criminal history points and whose offense does not involve certain aggravating factors.  Additionally, § 4A1.1(e) replaces portions of §4A1.1(d), and it changes the way a defendant's criminal history category many be calculated.  *See* U.S.S.G. § 4A1.1(e).

Mr. Jones now asserts that he is eligible for a reduction of his term of imprisonment

pursuant to Amendment 821, and he asks the court to reduce his prison sentence. *See* Mot. to Reduce Sentence, ECF No. 604. Conversely, the United States Probation Office and the government agree that Mr. Jones is not eligible for such reduction.

Whether to apply a retroactive Guidelines amendment to a particular sentence is neither routine nor automatic. Rather, courts must arrive at two conclusions before reducing a sentence: first, the court must find that a defendant is eligible for a reduction; and second, the court, in its discretion (if it exists), must find that a reduction is merited. *See Dillon v. United States*, 560 U.S. 817, 826 (2010); U.S.S.G. § 1B1.10.

The court first applies the new Guidelines to the defendant's circumstances at the time of sentencing. U.S.S.G. § 1B1.10(b). At the outset, the court concludes that the two-point reduction in the total offense level does not apply to Mr. Jones. As concluded in the PSR adopted by the sentencing court, Mr. Jones had three previous criminal convictions, two of which were considered in calculating his criminal history category. *See* Presentencing Report 22–23, ECF No. 480.

The court also finds that Mr. Jones's criminal history category remains as determined at sentencing. Section 4A1.1(e) now instructs courts as follows: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e). Under this framework, Mr. Jones's criminal history category remains at III. The PSR notes that Mr. Jones had three previous criminal convictions. *See* PSR 22–23, ECF No. 480. His first conviction resulted in a sentence of eight years, accounting for three points under the criminal history computation. *See* U.S.S.G. § 4A1.1(a); PSR

22, ECF No. 480.  His third conviction resulted in a five-year prison sentence (followed by probation) for a crime of violence, but it was imposed on the same day as was his other two convictions (October 3, 2014), so it subjected Mr. Jones to only one additional criminal history point.  *See id.* at 23–24.  Although the third conviction did not result in a separate sentence to be counted under § 4A1.1(a), according to § 4A1.1(d), the court must "[a]dd 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) . . . because such sentence was treated as a single sentence . . . ."  Thus, the court finds that even applying Amendment 821, Mr. Jones still has a criminal history category of III.

"[I]n the case of a defendant who has been sentenced to a term of imprisonment that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) . . . ."  18 U.S.C. § 3582(c)(2).  However, the court lacks authority to reduce a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) if the amendment to the United States Sentencing Guidelines "does not have the effect of lowering the defendant's applicable guideline range . . . ."  U.S. Sent'g Guidelines Manual § 1B1.10 cmt. application note 1(A).  Because Amendment 821 does not reduce the sentencing guidelines range for Mr. Jones, the court lacks authority to reduce the present sentence under such claimed justification.  Accordingly, it hereby is **ORDERED AND ADJUDGED** that the Motion is **DENIED.**

**IT IS SO ORDERED** at Hartford, Connecticut, this 6th day of February, 2024.

/s/
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE